## IN THE MATTER OF WILLIAM T. LYONS, AN ATTORNEY AT LAW.

Argued September 28, 1976—Decided November 5, 1976.

*Ms. Mary D. Gillen* argued the cause for the Union County Ethics Committee.

Respondent made no appearance.

PER CURIAM. This disciplinary matter against respondent attorney concerns his misuse of trust funds on numerous occasions. Also involved is his admitted failure to maintain a trust account or keep a ledger book for all trustee accounts as required by *R.* 1:21–6(a)(1) and *R.* 1:21–6(b)(2). Respondent claims that trust funds received by him were commingled with other monies in his business checking account and that his inability to repay these funds results from a levy made on that account by the Internal Revenue Service. However, at a hearing before the Union County Ethics Com-

mittee on one of the trust fund complaints ($2,000 in escrow money) it was shown that the balance in respondent's checking account prior to the IRS levy was considerably less than $2,000 and that in fact the escrow money "may never have been deposited therein."

In addition to two presentments filed by the Union County Ethics Committee involving separate matters, it appears that respondent is in violation of an order dated January 19, 1976 issued by the Superior Court of New Jersey, Chancery Division, in two estate matters in which he had been acting as attorney for the administrator. This order required respondent to turn over and deposit with the Clerk of the court all moneys and funds in his possession belonging to these estates and to render an account concerning all such money, funds, property and assets. To date respondent has not complied with such order and the administrator of these estates has obtained a default judgment against respondent for $18,560.99.

Upon return of our Order to Show Cause why, based on the two presentments, respondent should not be disbarred or otherwise disciplined, there was no appearance by or on behalf of respondent, nor did he communicate with the Court in any way.

Respondent's conduct is inexcusable. He admittedly has never maintained a trust account for trust funds nor kept a ledger record of trust funds received by him, all in violation of R. 1:21-6(a)(1) and R. 1:21-6(b)(2). He is shown to have misused, misappropriated and failed to repay trust funds entrusted to him, in violation of DR 1-102(A)(3)(4) and (6) and DR 9-102(B)(4).

Respondent is either unable or unwilling to measure up to the standard of responsibility imposed on and expected of all practicing attorneys. Protection of the public requires that an order of disbarment be entered and respondent's name stricken from the roll. So ordered.

*For disbarment*— Justices MOUNTAIN, SULLIVAN, PASH-MAN, CLIFFORD and SCHREIBER and Judge CONFORD—6.

*Opposed*—None.

## O R D E R

It is ORDERED that WILLIAM T. LYONS be disbarred and that his name be stricken from the roll of attorneys of this State, effective immediately;

and it is further

ORDERED that WILLIAM T. LYONS be and hereby is permanently restrained and enjoined from practicing law; and it is further

ORDERED that respondent comply with all the regulations of the Supreme Court governing disbarred, resigned and suspended attorneys.